UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No. 8:25-CV-2424

Martin Javier KORNBLUM, individually and
as Next Friend to his Minor Children, A.S.K. and E.L.K.,
and
Florencia D. OLSZAK, individually and
as Next Friend to her Minor Children, A.S.K. and E.L.K.,

        Plaintiffs,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Pamela J. Bondi, in her official capacity;
SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Kristi Noem, in her official capacity;
ACTING DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Angelica Alfonso-Royals, in her official capacity;
DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,
Kash Patel, in his official capacity;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
an agency of the United States;
UNITED STATES DEPARTMENT OF JUSTICE,
an agency of the United States;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
an agency of the United States;
FEDERAL BUREAU OF INVESTIGATION,
an agency of the United States; and
THE UNITED STATES OF AMERICA,

        Defendants.
_____/

**COMPLAINT FOR WRIT OF MANDAMUS, DECLARATORY, AND OTHER RELIEF**

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134 UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

COME NOW THE PLAINTIFFS, individually and as Next Friends to their Minor Children, by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1361, 2201-2202 (2025) and 5 U.S.C. § 702 et seq., (2025) and files this their complaint for a writ of mandamus, declaratory, and other relief against the named defendants. In support thereof, Plaintiffs respectfully submits as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs file this action, individually and as Next Friends to their Minor Children, to compel Defendants and those acting under them to take all appropriate action to complete the adjudication of their stalled immigration petition and applications without delay.

2. Plaintiff Martin Javier KORNBLUM ("KORNBLUM") is an Argentinean investor-entrepreneur who invested over $800,000.00 (Eight Hundred Thousand and 00/100 U.S. Dollars) in the United States through the EB-5 Regional Center Program. On 9 January 2024, KORNBLUM filed a Form I-526E Immigrant Petition by Regional Center Investor with the United States Citizenship and Immigration Services (USCIS) (hereinafter, the "EB-5 Petition"), providing all supporting documentation as required for the petition. Plaintiff KORNBLUM and his spouse, Plaintiff Florencia D. OLSZAK ("OLSZAK") thereafter filed Form I-485 Adjustment of Status Applications for adjustment of status with USCIS for themselves and her two Minor Children, A.S.K. and E.L.K., which adjustment of status applications are to be processed and adjudicated concurrently with KORNBLUM's EB-5 Petition.

3. As of the date of the filing of this Complaint, there has been no decision on KORNBLUM's EB-5 Petition, Plaintiffs' concurrent Form I-485 adjustment of status applications, or the adjustment applications of their Minor Children, A.S.K. and E.L.K. Said petition and concurrent

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

adjustment of status applications remain within the jurisdiction of Defendants, whose delay in adjudicating said applications is wholly unreasonable and has caused detriment to Plaintiffs and their Minor Children in a myriad of ways.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1361 in the nature of mandamus for want of a remedy ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). In *Patel v. Reno*, 134 F. 3D 929 (9th Cir. 1997), the Ninth Circuit held that there is mandamus jurisdiction to compel a consular officer to adjudicate a visa application.

5. Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

6. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedures Act ("APA"). *Trudeau v.* FTC, 456 F.3fd 178, 185 (D.C. Cir. 2006) (finding that the district courts have jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review a complaint for declaratory and injunctive relief against a federal agency). Defendants DHS and USCIS are subject to the APA, which requires the agencies to carry out their duties within a reasonable time. Section 555(b) provides that '[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it. *See id.* (emphasis added). When a statute is silent as to an actual deadline for a federal agency to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178,

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

1190 (10th Cir. 1999).  As set forth below, the delay in adjudicating Plaintiffs' properly filed immigration applications is objectively unreasonable.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) as this is an action against federal agencies and U.S. officers in their official capacity that is brought in the federal district where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## EXHAUSTION OF REMEDIES

8. Plaintiffs lack any statutory, regulatory, or administrative remedy of mandate for the purposes of 5 U.S.C. § 706(1) and this suit is therefore properly filed and all conditions precedent to the filing of this action have been met.  Plaintiffs are owed a duty — the adjudication without unreasonable delay of the subject EB-5 Petition and Form I-485 Adjustment of Status Applications, determining the permanency of their status in the United States.  Defendants have unreasonably delayed and failed to adjudicate KORNBLUM's Form I-485 application and those of his Minor Children.  Plaintiffs have no other adequate remedy available to him for the harm they seek to redress — Defendants' failure to issue a decision on KORNBLUM's EB-5 Petition and on Plaintiffs' and their Minor Children's Form I-485 Adjustment of Status Applications within a reasonable time.

## PARTIES

1. Plaintiff KORNBLUM is a native and citizen of Argentina.  He currently resides in St. Petersburg, Pinellas County, Florida.  KORNBLUM is an investor-entrepreneur and, based on his substantial investment of over $800,000.00 (Eight Hundred Thousand and 00/100 U.S. Dollars) in the United States, he filed a Form I-526E Immigrant Petition by Regional Center Investor with the

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

United States Citizenship and Immigration Services (USCIS).  KORNBLUM files this action in his individual capacity and as Next Friend to his Minor Children, A.S.K. and E.L.K.

2. OLSZAK is KORNBLUM's spouse.  OLSZAK is also a native and citizen of Argentina, and she also resides in Pinellas County, Florida.  OLSZAK is entitled to Lawful Permanent Resident status concurrently with KORNBLUM as his derivative spouse.  OLSZAK files this action in her individual capacity and as Next Friend to her Minor Children, A.S.K. and E.L.K.

9. A.S.K., a Minor Child, is KORNBLUM's natural minor child.  A.S.K. is a native and citizen of Argentina and is entitled to Lawful Permanent Resident status concurrently with KORNBLUM as his derivative child.

10. E.L.K., a Minor Child, is KORNBLUM's natural minor child.  E.L.K. is a citizen of Argentina and is entitled to Lawful Permanent Resident status concurrently with KORNBLUM as his derivative child.

11. Defendant ATTORNEY GENERAL OF THE UNITED STATES, Pamela J. Bondi ("BONDI"), is sued in her official capacity only.  As U.S. Attorney General, BONDI is charged with interpreting and enforcing the laws governing immigration and naturalization, and in that capacity has final authority over the practices and procedures challenged herein.  As United States Attorney General, BONDI has final authority over Defendant United States Department of Justice as well as the delegation of immigration functions to Defendant United States Department of Homeland Security.

12. Defendant SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Kristi Noem ("NOEM"), is sued in her individual capacity only.  Defendant NOEM was appointed to her position by the President with the advice and consent of the Senate and in the

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

President's chief security officer. As the United States Secretary of Homeland Security, NOEM oversees the operations of the agency tasked with ensuring public safety in the United States.

13. Defendant DIRECTOR OF THE UNITED STATES IMMIGRATION AND CITIZENSHIP SERVICES, Angelica Alfonso-Royals ("ALFONSO-ROYALS") is sued in her official capacity only. As Acting Director, ALFONSO-ROYALS is designated by law to oversee her agency's processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other adjudicative decisions.

14. Defendant DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, Kash Patel ("PATEL"), is sued in his official capacity only. As FBI Director, PATEL is the head of the federal agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits.

15. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is the federal executive department that oversees public security in the United States, including in the areas of immigration and customs. DHS operates within this District and is headquartered in Washington, D.C.

16. Defendant UNITED STATES DEPARTMENT OF JUSTICE (the "DOJ") is the federal executive department tasked with the enforcement if federal law and administration of justice in the United States, including in the area of immigration and customs. The DOJ operates within this District and is headquartered in Washington, D.C.

17. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a subordinate agency of DHS and it handles the administration of processing of visa petitions, green card applications, naturalization applications, asylum applications, as well as other

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

adjudicative decisions for immigration benefits from within the United States. USCIS operates within this District and is headquartered in Washington, D.C.

18. Defendant FEDERAL BUREAU OF INVESTIGATION (the "FBI") is the federal executive agency the agency in charge of conducting background checks for foreign nationals in connection with their applications for immigration benefits. The FBI operates within this District and is headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

19. Plaintiff KORNBLUM is an investor and entrepreneur who invested over $800,000.00 (Eight Hundred Thousand and 000/100 U.S. Dollars) in at-risk capital in Smith Western Regional Center, LLC ("Smith Western Regional Center"), an EB-5 Immigrant Investor Regional Center designated by the U.S. Department of Homeland Security (DHS) for participation in USCIS' EB-5 Immigrant Investor Program.

20. EB-5 Immigrant Investor Regional Centers are involved with promoting economic growth in the United States.

21. The job-creating project within the Smith Western Regional Center to which KORNBLUM's investment was applied is the Hall Hotel Fund VI, LP, for the construction, development, and operation of the Thompson Palm Springs Hotel in Palm Springs, California.

22. On 9 January 2024, based on said substantial investment, KORNBLUM filed a Form I-526, Immigrant Petition by Alien Entrepreneur with USCIS (the "EB-5 Petition"), which was assigned Receipt Number IOE8529149780. A true and correct copy of the official Form I-797 Receipt Notice for KORNBLUM's EB-5 Petition is attached hereto as **Exhibit A** and is incorporated herein by reference.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

23. Also on 9 January 2024, concurrently with the EB-5 Petition, KORNBLUM and OLSZAK filed Form I-485 applications for adjustment of status for themselves and for A.S.K. and E.L.K. with USCIS (the "Form I-485 Adjustment of Status Applications"). The Form I-485 Adjustment of Status Applications are meant to be adjudicated by USCIS concurrently with KORNBLUM's EB-5 Petition.

24. These Form I-485 Adjustment of Status Applications were assigned the following receipt numbers: WAC2490044162 (KORNBLUM), WAC2490044156 (OLSZAK), WAC2490044159 (A.S.K.), and WAC2490044153 (E.L.K.). True and correct copies of the official Form I-797 Receipt Notices for Plaintiff and Plaintiff's Minor Children's Form I-485 Adjustment of Status Applications are attached hereto as composite **Exhibit B** and are incorporated herein by reference.

25. KORNBLUM paid a total of $8,625.00 (Eight Thousand Six Hundred Twenty-Five and 00/100 U.S. Dollars) to Defendant DHS in government filing fees for the EB-5 Petition and the family's concurrent Form I-485 Adjustment of Status Applications.

26. For the duration of time that the subject EB-5 Petition and Adjustment of Status Applications remain pending, KORNBLUM, OLSZAK, and their Minor Children do not have permanent legal status in the United States.

27. KORNBLUM invested over $800,000.00 in the United States, to the substantial economic benefit of the United States, with the expectation that his family's adjustment of status applications be adjudicated within a reasonable time, so that he, OLSZAK and their Minor Children would be able to live permanently to the United States as Lawful Permanent U.S. Residents. It has now been over 1.5 years since KORNBLUM filed his EB-5 Petition.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

28. KORNBLUM's decision to make this substantial investment was based, in large part, on his desire to move his family out of their home country of Argentina, where the family was no longer safe. In Argentina, affluent individuals such as Plaintiffs are constant targets for violent robberies and kidnappings.

29. As of the date of the filing of this Complaint, biometrics have been duly taken, and no Request for Evidence have been issued in connection with KORNBLUM's EB-5 Petition or the family's Form I-485 Adjustment of Status Applications.

30. As of the date of the filing of this Complaint, Plaintiffs has spent over 18 months waiting for the EB-5 Petition and the Form I-485 Adjustment of Status Applications to be adjudicated.

31. KORNBLUM, OLSZAK, and their Minor Children have been, and continue to be, prejudiced by the unfair delay in the processing of the EB-5 Petition and their concurrent Form I-485 Adjustment of Status Applications. These prejudices include, but are not limited to:

    a. An inability to clearly and easily demonstrate lawful status and employment authorization to potential business partners;

    b. An inability to clearly and easily demonstrate lawful status to law enforcement;

    c. Long delays while travelling internationally or transiting through the United States, as Plaintiffs and their Minor Children are referred to Secondary Inspection, where they are forced to wait for hours while United States Customs and Border Protection officers verify their legal immigration status;

    d. Difficulties in proving legal status when registering for school;

    e. An inability for the Plaintiffs' Minor Children to access certain academic scholarship opportunities due to their pending immigration status;

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

    f. An inability to access certain investment opportunities due to their pending immigration status; and

    g. Plaintiffs' uncertainty as to his family's ultimate ability to remain in the United States, preventing Plaintiffs from making firm plans for the family's future.

32. At the date of the filing of this Complaint, Defendant USCIS' Immigrant Investor Program Office lists **26 months** as its average estimated processing time for employment-based Form I-485 Adjustment of Status Applications, and Plaintiffs maintain that this delay is objectively unreasonable, particularly in light of the fact that the underlying EB-5 Petition was approved. A screen capture of USCIS' online case processing time tool, showing current average processing times for employment-based Form I-485 applications, is attached hereto as **Exhibit C** and is incorporated herein by reference.

33. Plaintiffs have provided Defendant USCIS with ample evidence of his and his Minor Children's eligibility for the approval of the subject adjustment of status applications, and there is no Request for Evidence pending with USCIS as to the EB-5 Petition or the Form I-485 Adjustment of Status Applications.

34. Plaintiffs have no criminal record anywhere in the world. Neither Plaintiff is involved in any political activities. They do not have any civil litigation pending against either of them in the United States, Argentina, or elsewhere; nor have they ever been involved in any environmental litigation, tax claims, or domestic violence disputes in the United States, Argentina, or elsewhere. The Minor Children similarly have no criminal record. There is no legal impediment to USCIS being able to promptly adjudicate Plaintiffs EB-5 Petition and the family's concurrent applications for adjustment of status.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

35. KORNBLUM and OSZAK file this lawsuit to demand prompt adjudication of the long-pending EB-5 Petition and Form I-485 Adjustment of Status Applications, so that they can properly plan for their family's future, including making the appropriate living and employment arrangements.

### FIRST CAUSE OF ACTION (Mandamus Act)
### 28 U.S.C. § 1361
### Against all Defendants

36. Plaintiffs bring this action under the Mandamus Act, 28 U.S.C. § 1361 (2025), as to all Defendants.

37. The Mandamus Act provides that the district courts retain original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs.

38. In the present case, KORNBLUM paid a total of $8,625.00 in filing fees to Defendant DHS upon filing of his Form I-526 petition and the concurrent Form I-485 Adjustment of Status Applications for himself, OSZAK, and their Minor Children, *see* ¶ 25, *supra*, creating a duty in Defendants to complete the adjudication of the subject EB-5 Petition and concurrent Form I-485 Adjustment of Status Applications within a reasonable time.

39. KORNBLUM and OSZAK concede that they have no right to the approval of these immigration applications, and they further concede that this Court cannot order Defendants to issue an approval. Defendants, however, still owe Plaintiffs a duty to adjudicate the KORBLUM's EB-5 Petition and the family's Form I-485 Adjustment of Status Applications within a reasonable time.

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

40. Defendants' delay in rendering a decision on the subject applications within a reasonable time is unreasonable and Plaintiffs are entitled to mandamus relief to compel Defendants to adjudicate their cases and those of his Minor Children.

41. Plaintiffs seeks a writ of mandamus to compel USCIS to comply with its duty to promptly adjudicate his EB-5 Petition and the family's Form I-485 Adjustment of Status Applications within 60 days of this Court's order.

42. <u>This action is filed in good faith, warranted by existing law, and is not for the purpose(s) of delay, harassment, or to threaten the national security, homeland security, public safety, or election integrity of the United States, or for any other improper purpose</u>.

**SECOND CAUSE OF ACTION (Administrative Procedures Act)**
**5 U.S.C. § 706**
**Against All Defendants**

43. The Administrative Procedures Act, 5 U.S.C. §706 (2025) (APA) provides that any person who suffers a legal wrong because of agency action, or who is adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. The APA specifically provides relief for an agency's *failure* to act, in that the reviewing court shall compel the agency action that was unlawfully withheld or unreasonably delayed. In the present case, Plaintiffs and their Minor Children have been adversely affected by the Defendants' failure to act. *See* ¶ 31 (a) – (g), *supra*.

44. Defendants' failure to complete the adjudication of KORNBLUM's EB-5 Petition and the family's Form I-485 Adjustment of Status Applications within a reasonable time constitutes an

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

unreasonable failure to act in violation of the APA and denies the due process to which Plaintiffs and their Minor Children are legally entitled.

45. Plaintiffs seek a determination from this Court that Defendants violated the APA in their failure to act, which has adversely affected Plaintiffs and their derivative Minor Children. Plaintiffs further request that this Court exercise its authority under the APA and compel Defendants to complete their processing of the subject petition and applications and render adjudications within 60 days of this Court's order.

46. <u>This action is filed in good faith, warranted by existing law, and is not for the purpose(s) of delay, harassment, or to threaten the national security, homeland security, public safety, or election integrity of the United States, or for any other improper purpose.</u>

### THIRD CAUSE OF ACTION (Declaratory Judgment)
### 28 U.S.C. §§ 2201-2202
### As to ALFONSO-ROYALS, NOEM, DHS, and USCIS

47. Plaintiffs bring this action for relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2025), as to Defendants ALFONSO-ROYALS, NOEM, DHS, and USCIS.

48. The Declaratory Judgment Act permits federal court litigants to seek a judgment from the district courts to declare an action unconstitutional or illegal. No adequate remedy at law exists for Plaintiff. Plaintiffs and their Minor Children have been denied their constitutional due process rights to a prompt adjudication of KORNBLUM's EB-5 Petition and the family's Form I-485 Adjustment of Status Applications.

49. A government official possesses no official capacity when acting illegally, and such official can thus derive no protection from an unlawful or unconstitutional action.

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*

50. As noted in ¶ 29, *supra*, there is no Request for Evidence pending with Defendant USCIS, nor have Defendants provided an explanation for the delay in response to Plaintiff's inquiries. This delay is arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

51. As noted in ¶ 32, *supra*, and in Exhibit C, Defendant USCIS currently reports 26 months as its average processing time at the California Service Center for Form I-485 petitions, which is objectively unreasonable, especially in circumstances where the underlying EB-5 Petition has long been approved.

52. Plaintiffs seek a declaratory order from this Court as to Defendants ALFONSO-ROYALS, NOEM, DHS, and USCIS, declaring their failure to issue a decision on the subject EB-5 Petition and Form I-485 Adjustment of Status Applications to be an unreasonable failure to act in violation of the Administrative Procedures Act.

53. <u>This action is filed in good faith, warranted by existing law, and is not for the purpose(s) of delay, harassment, or to threaten the national security, homeland security, public safety, or election integrity of the United States, or for any other improper purpose.</u>

## PRAYER FOR RELIEF

Plaintiffs KORNBLUM and OSZAK respectfully request that this Court grant the following relief:

A. Order Defendants to adjudicate KORNBLUM's EB-5 Petition and the family's Form I-485 Adjustment of Status Applications **on or before 60 days from the issuance of this Court's order, or within a reasonable period of time as determined by the Court.**

B. Retain jurisdiction during the adjudication of said petition and applications in order to secure compliance with the Court's orders; and

FIGUEROA-CONTRERAS LAW GROUP, PLLC
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: WWW.FIGUEROA-LAW.COM / E-MAIL: MIAMI@FIGUEROA-LAW.COM

    C.  Grant other such relief as the Court may deem just and proper.

                    Respectfully submitted,

                    /s/ *Kristin Figueroa-Contreras*

                    _____
                    Kristin D. Figueroa-Contreras, Esq., B.C.S.
                    Board Certified in Immigration & Nationality Law
                    Florida Bar No. 643394
                    FIGUEROA-CONTRERAS LAW GROUP, PLLC
                    2030 S. Douglas Road, Suite 204
                    Coral Gables, FL 33134
                    Telephone:    305-639-8599Plaintiff
                    E-mail:        kristy@figueroa-law.com
                    Counsel for Plaintiffs

**FIGUEROA-CONTRERAS LAW GROUP, PLLC**
IMMIGRATION & CRIMINAL TRIAL PRACTICE
THE MINORCA, 2030 SOUTH DOUGLAS ROAD, SUITE 204
CORAL GABLES, FLORIDA 33134
UNITED STATES
TEL. (+1) 305-639-8599 / FAX: (+1) 305-397-1384
WEB: *WWW.FIGUEROA-LAW.COM* / E-MAIL: *MIAMI@FIGUEROA-LAW.COM*